GLICKSTEIN, Judge.
At issue is whether appellant’s sentence should be vacated because of the trial court’s alleged erroneous determination that there was no reasonable ground to believe appellant was insane.[1] The trial judge, after review of the presentence investigative report and consideration of the prosecutor’s argument, concluded that no reasonable ground existed.
While we are reluctant to interfere with judgment calls, the potential for manifest injustice in this case can only be erased by our intrusion into the decision making process. Appellant’s pre-sentence motion, raising the issue of insanity, alleged that appellant had recently attempted suicide by seriously cutting both his arms.[2] At the hearing on the motion, defense counsel further related that his client had attempted suicide seven times in the past year; and appellant’s father told the trial court:
I wish you’d give the psychiatric treatment as serious attention as you possibly can. I feel that David should have had it long before this, but I was never able to afford it. And God knows we need it.
Under these circumstances, reasonable ground to believe appellant was insane did exist.[3] Accordingly, we vacate the sentence and remand for the conduct of proceedings pursuant to Florida Rule of Criminal Procedure 3.740.
ANSTEAD and HURLEY, JJ., concur.

. See Florida Rules of Criminal Procedure 3.740(a) and 3.720(a)(1).

. The prosecutor’s response at the hearing on appellant’s motion was that appellant’s act was done to get a better cell. Once that was accomplished, there was no recurrence of self-inflicted wounds. The trial judge determined that an attempted suicide did not create the required reasonable ground for believing appellant insane.

.See Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); Lane v. State, 388 So.2d 1022 (Fla.1980).